**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION**

**CIVIL NO. 3:06CV494-3-T [3:03CR28]**

| | | |
|---|---|---|
| **RICHARD DOYLE HUDSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. For the reasons stated herein, the Petitioner's motion is denied.

## I. PROCEDURAL HISTORY

On February 24, 2003, Petitioner was charged in a one-count indictment with committing a bank robbery on February 6, 2003, in violation of 18 U.S.C. § 2113(a). **Bill of Indictment, filed February 24, 2003**. During discovery following indictment, the Government learned that Petitioner had committed an additional bank robbery on October 22, 2002,

during which he used and carried a firearm. ***See* Superseding Bill of Indictment, filed June 23, 2003; Defendant's Motion to Continue filed May 22, 2003.** On June 23, 2003, Petitioner was charged in a four-count superseding indictment with three counts of bank robbery and one count of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). **Superseding Bill of Indictment**, **filed June 23, 2003**.

On October 3, 2003, the Petitioner entered into a plea agreement[1] with the Government wherein he agreed to plead guilty to Counts One, Three and Four of the superseding indictment; that is, two counts of bank robbery and one count of using and carrying a firearm during a crime of violence. **Plea Agreement, filed October 3, 2003**. In the plea agreement, the Petitioner acknowledged that he faced a maximum sentence of 240 months for each bank robbery and a consecutive sentence of 60 months

---

[1]Petitioner alleges this is not the "first" plea agreement. Between the time the first indictment was filed and the filing of the superseding indictment, the Government proposed a draft plea agreement which obviously became invalid once the superseding indictment was filed. The only plea agreement that was filed in this case is the one of record. Petitioner has included a partial copy of the "first" plea agreement with his § 2255 motion. ***See* Exhibit A, "First Plea Agreement,"** ***attached to*** **Petitioner's Memorandum in Support of Petition, filed December 26, 2006.** That is, of course, irrelevant. During the sentencing hearing, the Petitioner's attorney explained the draft versus actual plea agreement. **Sentencing Transcript, filed June 1, 2004, at 9-12.**

for the §924(c) charge. ***Id.*** Moreover, the plea agreement specifically provided that the Petitioner would be "sentenced at the low end of the career offender guideline or the low end of the bank robbery guideline, whichever is greater, plus 60 months to run consecutively for Count Three.[2] ***Id.***

On the same day, the Petitioner and his attorney appeared before the Magistrate Judge for a Rule 11 hearing and the Petitioner formally entered his plea. **Entry and Acceptance of Guilty Plea (Rule 11 Proceeding), filed October 3, 2003.** At the hearing, the Magistrate Judge placed the Petitioner under oath and then engaged him in a lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. ***Id***. In answering the Magistrate Judge's inquiries, the Petitioner stated he understood the District Court could not determine his sentence until after a presentence report had been prepared and that even if his sentence was more severe than expected, he could not withdraw his plea. **Transcript of Plea and Rule 11 Hearing, filed March 29, 2004, at 5-6.** Petitioner further stated that he was satisfied with the services of his

---

2 At the time of his indictment in this Court, the Petitioner [illegible] convictions for bank robbery.

counsel. ***Id.* at 10.** After hearing the Petitioner's answers to each of his questions, and finding that the Petitioner's plea was knowingly and voluntarily entered and made, the Magistrate Judge accepted the Petitioner's guilty plea. ***Id.* at 10-11; Entry and Acceptance of Guilty Plea, *supra*, at 4.**

On March 15, 2004, Petitioner filed a motion to withdraw his guilty plea because during plea negotiations, his trial attorney had "applied the 2001 edition of the Sentencing Guidelines and advised [him] pursuant thereto." **Defendant's Motion to Withdraw Guilty Plea, filed March 15, 2004.** After receiving the Government's response, the Court found that "inasmuch as the Defendant pled guilty to Counts One and Three involving crimes committed on October 22, 2002, when the 2001 Guidelines were in effect, and also pled guilty to Count Four involving a crime committed on February 6, 2003, when the 2002 Guidelines were in effect, the 2002 Guidelines control." **Order, filed April 1, 2004, at 5, citing U.S.S.G. §1B1.11(b)(3).**

At his sentencing hearing on April 19, 2004, Petitioner made an oral motion for a downward departure based on the fact that his counsel advised him of his potential sentence using an incorrect version of the

Sentencing Guidelines and the fact that the Government had agreed to recommend a 211 month sentence when he and his attorney were negotiating the "first" plea agreement. ***See* Sentencing Transcript, *supra*, at 9-18.** The Court denied Petitioner's motion and sentenced Petitioner, pursuant to the 2003 Sentencing Guidelines,[3] to 202 months imprisonment on Counts One and Four to run concurrently and 60 months imprisonment on Count Three to run consecutive to the term of imprisonment for Counts One and Four, for a total of 262 months imprisonment. The Court also sentenced Petitioner to three years of supervised release on each count to run concurrently. **Judgment in a Criminal Case, filed May 5, 2004.**

Petitioner filed a *pro se* notice of appeal on April 22, 2004. **Notice of Appeal, filed April 22, 2004**. The Fourth Circuit affirmed Petitioner's judgment and conviction in an unpublished opinion on November 30, 2005. ***United States v. Hudson*, 155 Fed. Appx 700 (4th Cir. 2005).** Petitioner did not petition the United States Supreme Court for a writ of *certiorari* but,

---

[3] The 2003 Sentencing Guidelines were used for the Petitioner's sentencing because the second bank robbery charged in the Superseding Indictment was committed in 2003. ***See* U.S.S.G. § 1B1.11(b)(3), comment. (n.2) (and authorities referenced therein); *see also* Order, *supra*, at 4-5.**

instead, filed the instant motion to vacate on December 6, 2006, alleging that his attorney was ineffective for using the wrong edition of the United States Sentencing Guidelines to calculate his sentence; the prosecutor engaged in prosecutorial misconduct in using the wrong edition of the United States Guidelines when negotiating Petitioner's sentencing range with defense counsel; the Court erred in failing to enforce specific performance of the first plea agreement; and the Court erred in failing to set the amount and timing of restitution payments.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that the petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed the Petitioner's motion and the record of criminal proceedings. The Court finds that such

review clearly establishes the Petitioner is not entitled to any relief on his claims.

## III. ANALYSIS

First, Petitioner claims that his counsel was ineffective for using the wrong edition of the United States Sentencing Guidelines to estimate and calculate his sentence.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. ***Strickland v. Washington*, 466 U.S. 687-91 (1984)**. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. ***Id.* at 689; *see also Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983); *Marzullo v. Maryland*, 561 F.2d 540 (4th Cir. 1977).**

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but

for counsel's performance, the outcome would have been different. ***Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998)**. Rather, the Court "can only grant relief under . . . *Strickland* if the 'result of the proceeding was fundamentally unfair or unreliable.'" ***Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993)).**

More critically here, a petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an even higher burden to meet. ***See Hill v. Lockhart*, 474 U.S. 52, 58-60 (1985); *Fields, supra*, at 1294-99; *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).**

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [*Strickland*] test is slightly modified. Such a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

***Hooper*, *supra*, at 475 (quoting *Hill*, *supra*, at 59); *accord Fields, supra*, at 1297**.

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." ***Fields,* at 1299 (citing *Blackledge v. Allison*, 431 U.S. 63,**

**74-75 (1977))**. Moreover, statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of a defendant's plea. ***United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991).**

A presumption exists that counsel is competent. A defendant seeking post-conviction relief bears a heavy burden to overcome this presumption and cannot do so by merely presenting conclusory allegations. ***Carpenter v. United States*, 720 F.2d 546 (8th Cir. 1983).** Indeed, the defendant bears an even heavier burden where, as here, the claim of ineffective assistance of counsel follows the entry of a guilty plea.

Petitioner claims that his counsel was ineffective because she incorrectly relied on the 2001 edition of the United States Sentencing Guidelines when counseling him to accept the plea agreement and when estimating his sentence. Using the 2001 edition of the Guidelines, counsel estimated that Petitioner would be sentenced in a range of 211 to 248 months and she understood from the plea negotiations that the prosecutor would recommend the Petitioner be sentenced at the lower end of that range, or 211 months. ***See* Sentencing Transcript, *supra*, at 11.** However, because the last bank robbery with which the Petitioner was charged occurred in 2003, the 2003 edition of the Sentencing Guidelines

controlled the term of imprisonment, which was 262 to 327 months. The Court sentenced him to the lower end of the range, or 262 months imprisonment. Petitioner contends that he would not have pled guilty if he had been advised by his counsel that he was facing 262 months imprisonment as opposed to 211 months.

First, this contention does not establish ineffective assistance of counsel. Counsel clearly discussed both versions of the plea agreement with the Petitioner but ultimately, as noted below, the Petitioner "entered his plea based on risk information given him by the sentencing court, not his counsel." ***United States v. Craig*, 985 F.2d 175, 180 (4th Cir. 1993).** During the Rule 11 hearing, he was advised that he faced a potential sentence of 480 months followed by 60 months. During the sentencing hearing, he reiterated that he did not want to go to trial after being advised of the career offender guideline range. ***United States v. Foster*, 68 F.3d 86 (4th Cir. 1995) ("[I]f the trial court properly informed Foster of the potential sentence he faced, he could not be prejudiced by any misinformation his counsel allegedly provided him.").**

Even if this Court were to assume that Petitioner's counsel was deficient in advising Petitioner of his estimated sentence using the

incorrect version of the Sentencing Guidelines, Petitioner cannot establish prejudice. Although Petitioner now asserts that he would not have pled guilty if he had been aware of his actual exposure at sentencing, this statement is in sharp contrast to what he told this Court at sentencing. During his sentencing hearing, Petitioner had the opportunity to address the Court in connection with his motion for a downward departure based on his understanding that the 2001 Guidelines governed his sentence. The Court specifically asked Petitioner if he wanted to go to trial. Petitioner responded, “No, sir. I just want specific performance of the original Plea Agreement, of the 211- month sentence. That’s the only thing I’m seeking, sir.” **Sentencing Transcript, at 16.** When a petitioner challenges his sentence or conviction following a guilty plea, the prejudice prong of the *Strickland* test requires him to establish that, but for counsel’s errors, he would not have pled guilty and would have insisted on going to trial. Here, the record shows that when asked if he wanted a jury trial, the Petitioner emphatically stated, “No, sir.” ***Id.*** Petitioner’s contention that he would not have entered a guilty plea had he known he was facing 262 months instead of 211 months imprisonment is self serving and contradicts his

contemporaneous statement made during his sentencing hearing that he did not want to proceed to trial.

This Court has reviewed Petitioner's motion and the record in this case and concludes that Petitioner has not established the prejudice prong of the *Strickland* test. Therefore, Petitioner cannot establish that his counsel was ineffective for relying on the wrong version of the Sentencing Guidelines when estimating his potential sentence. Because Petitioner has failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," the second prong of *Strickland* need not be reached.

_____Next, Petitioner claims that the prosecutor engaged in prosecutorial misconduct because the plea agreement accepted by the Court did not provide that he would be sentenced under the 2001 version of the Sentencing Guidelines. Petitioner further contends that the prosecutor "hoodwinked" and "bamboozled" him into signing the plea agreement knowing full well that his trial counsel was under the impression that the 2001 version of the Guidelines controlled his sentence.

Petitioner raised this claim on his direct appeal, and the Fourth Circuit concluded that no due process violation occurred. ***Hudson*, 155 F.**

**App'x at 701.** Under the law, it is well settled that in the absence of a favorable, intervening change in the law, a petitioner simply is not free to re-litigate claims which already were rejected on direct review. ***Davis v. United States*, 417 U.S. 333, 342 (1974); *Boeckenhaupt v. United States*, 537 F.2d 1182 (4th Cir. 1976**. Accordingly, since Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate this claim, such is procedurally barred.

As his next claim for relief, Petitioner claims that this Court erred in failing to enforce the specific performance of his "first" plea agreement. Not only was the "first" plea agreement not filed with the Court, the plea agreement Petitioner signed and agreed to specifically sets forth that he waived his right to challenge his sentence or conviction in any post-conviction proceeding, including motions raised pursuant to § 2255, except for claims of ineffective assistance of counsel, prosecutorial misconduct, or a challenge to a sentence in contravention of an explicit stipulation contained in the plea agreement in paragraph 7. **Plea Agreement, ¶ 20.** At his Rule 11 hearing, Petitioner swore under oath[4] that, among other

---

[4] In accordance with the law, this Court has placed great weight on the Petitioner's representations at his Rule 11 Hearing. ***See Blackledge, supra*, at 73-74 (representations made by a defendant at a plea**

things, he understood that he was waiving his right to challenge his sentence or conviction in a post-conviction proceeding.

The Fourth Circuit repeatedly has approved the knowing and voluntary waiver of a defendant's appellate rights.[5] Moreover, the Fourth Circuit has recently expanded the general rule concerning appeal waivers to hold that in a plea agreement, a defendant may waive his rights under § 2255 to attack his conviction and sentence. ***United States v. Lemaster*, 403 F.3d 216 (4th Cir. 2005)**. Consequently this Court concludes that the plea agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to the Petitioner's attempts to challenge his

---

**hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding).**

[5] ***See, e.g. United States v. Blick*, 408 F.3d 162, 172 (4th Cir. 2005); *United States v. General*, 278 F.3d 389, 399-401 (4th Cir. 2002); *United States v. Brown*, 232 F.3d 399, 402-06 (4th Cir. 2000); *United States v. Brock*, 211 F.3d 88, 92 n.6 (4th Cir. 2000); *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992); *United States v. Davis*, 954 F.2d 182, 185-86 (4th Cir. 1992); *United States v. Wessels*, 936 F.2d 165 (4th Cir. 1991); *United States v. Wiggins*, 905 F.2d 51, 52-54 (4th Cir. 1990) (defendant may waive right to appeal, just as he may waive more fundamental rights such as the right to counsel and the right to a jury trial).**

conviction and sentence on his claim that this Court failed to specifically enforce his “first” plea agreement.

As his last claim for relief, Petitioner claims that this Court erred when it failed to set the amount and timing of his restitution payments. In a separate proceeding, the Petitioner filed a motion for clarification of the restitution portion of his criminal judgment on January 27, 2006. By Order filed February 23, 2006, the Court denied Petitioner’s motion and he appealed the denial to the Fourth Circuit. That Court vacated this Court’s Order and directed the Petitioner’s motion be construed as a habeas corpus petition pursuant to 28 U.S.C. § 2241. This Court has now complied with the Fourth Circuit’s remand in a separate civil action; therefore, this issue has been resolved and is now moot.[6]

The Court, therefore, finds that, upon review of the Petitioner’s § 2255 motion and the relevant record evidence, Petitioner has not established his claim of ineffective assistance of counsel and that he cannot satisfy the prejudice prong of the *Strickland* test. The remaining

---

[6] Furthermore, because Petitioner waived his rights to pursue post-conviction proceedings in his valid plea agreement, except for claims of ineffective assistance of counsel and prosecutorial misconduct, he has also waived his right to raise this issue in this proceeding.

claims are either procedurally barred or waived pursuant to his plea agreement. Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Petitioner's motion will de denied.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is hereby **DENIED**. A Judgment dismissing this action is filed herewith.

Signed: May 25, 2007

Lacy H. Thornburg
United States District Judge